**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam (*pro hac vice*)
rpulliam@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney Ross Brown (*pro hac vice*)
cbrown@cbplaw.com
One Allied Dr., Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

**JACOBSON PHILLIPS, PLLC**
Joshua R. Jacobson (*pro hac vice*)
joshua@jacobsonphillips.com
2277 Lee Road, Suite B
Winter Park, FL 32789
Telephone: (321) 447-6461

**CONN LAW, PC**
Elliot Conn, California Bar No. 279920
elliot@connlawpc.com
100 Bush Street, Suite 1580
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941

*Attorneys for Plaintiffs Samuel Vickery,*
*Rae Fuller, and the Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL VICKERY and RAE FULLER, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>EMPOWER FINANCE, INC. dba EMPOWER,<br><br>Defendant. | Case No.: 25-CV-3675-JSC<br><br>Assigned to the Hon. Jacqueline Scott Corley<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

1    In further support of their Opposition to Defendant's Motion to Compel Arbitration and

2  Stay Litigation (ECF No. 28), Plaintiffs respectfully submit notice of the Order denying the Motion

3  to Compel Arbitration or, Alternatively, Dismiss in *Moss v. Cleo AI Inc.*, Case No. 2:25-cv-00879-

4  MLP (W.D. Wa. Sept. 8, 2025), attached as Exhibit 1.

5    The facts in *Moss* are similar to those here. There, the plaintiff took out short-term loans

6  (which the defendant called "earned wage access") from an app-based payday lender to whom he

7  paid monthly subscription fees and was charged additional fees to receive his loan on an expedited

8  timeline. Ex. 1 at 2–4. Like Plaintiffs here, he brought claims under the Military Lending Act and

9  Truth in Lending Act, alleging, inter alia, that the short-term loans constituted "consumer credit"

10  within the meaning of the MLA and TILA and that the fees were "finance charges" under those

11  statutes and their implementing regulations. Cleo moved to compel arbitration, arguing the MLA

12  did not apply to plaintiffs' claims because it did not (1) extend consumer credit (because, according

13  to Cleo, there was no legally-enforceable obligation to repay the cash advance) or (2) impose

14  finance charges (because it offered a free, non-expedited advance as an alternative). Because,

15  according to Cleo, plaintiffs failed to allege a claim under the MLA, the MLA's ban on enforcing

16  arbitration provisions did not apply.

17    The court disagreed. Rejecting the defendant's arguments, it found the plaintiff had pleaded

18  a claim "involving the extension of consumer credit," such that the claims fell within the bounds

19  of the MLA and could not be compelled to arbitration. *Id.* at 5 (quoting 10 U.S.C. § 987(f)(4))

20  (internal quotation marks omitted)). The court analyzed the relevant statutory and regulatory

21  provisions and found (1) that plaintiff had pleaded facts demonstrating the Defendant's short-term

22  loans constituted "consumer credit," *id.* at 5–8, and (2) that the expedite fees constituted "finance

23  charges," *id.* at 8–9. And because the claims fell within the MLA and thus the arbitration agreement

24  was unenforceable, the court additionally held that the TILA claims, which were based "on the

25  same set of facts as [the] MLA claim," could likewise not be compelled to arbitration. *Id.* at 10.

26    Here, Plaintiffs' allegations are materially identical to those in *Cleo*. Plaintiffs respectfully

27  request that the Court consider the order in *Cleo* when deciding Empower's motion to compel

28  arbitration.

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

1  Dated:  September 9, 2025          Respectfully submitted,

2                                     /s/ Lee Lowther
                                      Randall K. Pulliam (*pro hac vice*)
3                                     rpulliam@cbplaw.com
                                      Lee Lowther (*pro hac vice*)
4                                     llowther@cbplaw.com
                                      Courtney Ross Brown (*pro hac vice*)
5                                     cbrown@cbplaw.com
                                      **CARNEY BATES & PULLIAM, PLLC**
6                                     One Allied Dr., Suite 1400
                                      Little Rock, AR 72202
7                                     Telephone: (501) 312-8500
                                      Facsimile: (501) 312-8505
8
                                      **CONN LAW, PC**
9                                     Elliot Conn, California Bar No. 279920
                                      elliot@connlawpc.com
10                                    100 Bush Street, Suite 1580
                                      San Francisco, CA 94104
11                                    Telephone: (415) 417-2780
                                      Facsimile: (415) 358-4941
12
                                      **JACOBSON PHILLIPS, PLLC**
13                                    Joshua R. Jacobson (*pro hac vice*)
                                      joshua@jacobsonphillips.com
14                                    2277 Lee Road, Suite B
                                      Winter Park, FL 32789
15                                    Telephone: (321) 447-6461

16                                    *Attorneys for Plaintiff Samuel Vickery,*
                                      *Rae Fuller, and the Proposed Classes*
17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY